W. F. RAIFORD AND WIFE v. WESTERN UNION TELEGRAPH
COMPANY.

(Filed 4 December, 1912.)

1. Telegraphs—Free Delivery Limits—Mailed Telegram—Negligence
—Evidence—Questions for Jury.

When the addressee of a telegram is beyond the free delivery
limits of the telegraph company's terminal office, and there is
conflicting evidence as to whether. the defendant company
promptly mailed it to the addressee, a finding of the jury in
plaintiff's favor, under an instruction to find for the defendant
if the telegram was thus mailed, is conclusive.

2. Telegraphs — Mental Anguish — Interstate Messages—Lex Loci
Contractus—Place of Negligence—Recovery.

When a telegraph company receives for transmission. a tele-
gram in a State where a recovery for damages for mental an-
guish alone is not permitted, to be delivered in North Carolina,
where such recovery is permitted, and there is negligence in
the delivery here, the decisions of this State control. Semble,
if the negligence occurred elsewhere, a recovery could also be
had here in such case.                                    ♦

BROWN, J., dissenting.

APPEAL by plaintiffs from *Peebles, J.,* at April Term, 1912,
of CUMBERLAND.

The facts are sufficiently stated in the opinion of the Court by
*Mr. Chief Justice Clark.*

*H. L. Cook for plaintiffs.*
*Rose & Rose for defendant.*

CLARK, C. J. This is an action for recovery of mental an-
guish for failure to deliver a message sent from Bonifay, Fla.,
to Wade, N. C. The answer admitted the prompt receipt of
the message at Wade. The operator testified that he placed the
telegram in a stamped envelope and deposited it in the mail box,
directed to the sendee, who lived two miles out, on the R. F. D.
route. A colored man corroborated this statement. The mail
carrier testified that no such letter was found in that box or
received by him. The plaintiff testified that the telegram was
never received. The court charged if the letter was thus mailed,

to answer the issue in favor of the defendant. The jury found to the contrary, and assessed the plaintiffs' damages at $200.

The jury found upon the evidence that under the laws of Florida the courts do not allow a recovery for mental anguish for failure to deliver a telegram. The court upon this verdict entered judgment in favor of the defendant, and the plaintiffs appealed.

The negligence alleged occurred entirely in this State, and in any aspect of the case, judgment should have been entered in favor of the plaintiff. *Penn v. Telegraph Co.*, 159 N. C., 306. Even had it not been shown that the failure to deliver promptly occurred entirely in this State, "There have been numerous cases in which mental anguish has been recovered where the message was sent from a point outside this State to a point in this State." These cases will be found collected in *Penn v. Telegraph Co., supra*, which overrules *Johnson v. Telegraph Co.*, 144 N. C., 410, which is the only case in which we have held to the contrary.

Upon the verdict, judgment must be entered in favor of the plaintiffs.

Reversed.

BROWN, J., dissenting.